1  KIM PEDERSON (SBN 234785)
   kimp@lawfoundation.org
2  JESSICA FRY (LEGAL SERVICES ATTORNEY 800918)
   jessicaf@lawfoundation.org
3  FAIR HOUSING LAW PROJECT
4  111 West Saint John Street, #
   San Jose, CA 95113
5  Telephone:   (408) 280-2458
   Facsimile:   (408) 293-0106
6
7  Attorneys for Plaintiff
   SANDRA PEREZ

FILED
2007 DEC 18  P 3:53

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fee Paid

ADR

E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C07 06402 RS

SANDRA PEREZ,

    Plaintiff,

v.

COUNTRYWIDE HOME LOANS., a California Corporation,

    Defendant.

Case No. _____

**COMPLAINT FOR RESCISSION UNDER THE FEDERAL TRUTH IN LENDING ACT (15 U.S.C. § 1601, ET SEQ.); JURY DEMAND**

COMPLAINT
PEREZ V. COUNTRYWIDE BANK, CASE NO. _____

## PRELIMINARY STATEMENT

1. This Complaint is filed under the Truth in Lending Act, 15 U.S.C. § 1601 ("Act"), to enforce the Plaintiff Sandra Perez's right to rescind a consumer credit transaction, to void the Defendant Countrywide's security interest in Ms. Perez's home, and to recover statutory damages, reasonable attorney fees and costs by reason of Defendant's violations of the Act and Regulation Z, 12 C.F.R. § 226 ("Regulation Z").

## THE PARTIES

2. Plaintiff Sandra Perez ("Ms. Perez") is an individual that currently resides in San Jose, County of Santa Clara, California.

3. Defendant Countrywide Bank, FSB ("Countrywide") is a corporation organized and existing under the laws of the State of California. On information and belief, Defendant Countrywide's principal place of business is 30930 Russell Ranch Road, Westlake Village, California. On information and belief, Defendant Countrywide is engaged in the business as a creditor that regularly engages in the making of mortgage loans, payable by agreement in installments, or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise.

4. At all times relevant hereto, the Defendant Countrywide, in the ordinary course of business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

## JURISDICTION

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 1337 because Plaintiff has alleged causes of action for violations of the Federal Truth in Lending Act, pursuant to 15 U.S.C. § 1640(e). The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

## VENUE

6. Venue is proper in the San Jose Division of the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because each of the wrongful acts alleged herein were committed in Santa Clara County, within the judicial district.

## STATEMENT OF FACTS

7. Ms. Perez is a forty-seven year-old woman who resides in a single family residence at 278 Kenbrook Circle, in San Jose, California.

8. On or about May 26, 2006, Ms. Perez obtained a refinance loan from Defendant Countrywide for $351,000. This was a consumer credit transaction (hereinafter "the transaction"), in which the extended consumer credit was subject to a finance charge and which was initially payable to Defendant Countrywide.

9. As part of the consumer credit transaction, Defendant Countrywide retained a security interest in Ms. Perez's home.

10. Ms. Perez should have received a total two (2) correctly filled out copies of the Notice of Right to Cancel, each bearing the date of the transaction and the expiration date of the right to cancel.

11. Upon signing the loan documents at the closure of the transaction on May 26, 2006, Ms. Perez received only one defective copy of her Right to Cancel the transaction. The Notice of Right to Cancel was unsigned by Ms. Perez, and the date of the transaction and the expiration date of the right to cancel were left blank on the form.

12. Additionally, the Notice of her Right to Cancel found in the Fidelity National Title Documents, while signed by Ms. Perez, is left blank as to when the date of the transaction and the date on which the Right to Cancel expires.

13. On September 11, 2007, Ms. Perez notified Defendant Countrywide that she was exercising her right to rescind her mortgage loan on the basis that Defendant Countrywide failed to provide her with proper notice of her right to cancel the loan

14. On October 23, 2007, Defendant Countrywide rejected Ms. Perez's Notice of

Rescission.

## FIRST CAUSE OF ACTION
### (Violations of the Federal Truth In Lending Act, 15 U.S.C. § 1635 against Defendant Countrywide )

15. Ms. Perez realleges and incorporates by reference the allegations of paragraphs 1 through 14 as though fully set forth herein.

16. The consumer credit transaction at issue in this Complaint was subject to Ms. Perez's right of rescission as described by 15 U.S.C. § 1635 and Regulation Z, found at 12 C.F.R. § 226.23.

17. Defendant Countrywide acted as creditor who regularly engaged in the making of mortgage loans, payable by agreement in installments or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise.

18. Accordingly, Defendant is subject to the Truth in Lending Act ("TILA") 15 U.S.C. § 1601 et seq., and its implementing regulations, Federal Reserve Board Regulation Z, 12 C.F.R. § 226.223.

19. As a result of the subject transaction, Defendant acquired an interest in Ms. Perez's home that secures the payment or performance of an obligation.

20. In the course of the consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Regulation Z, 12 C.F.R. § 226.23(b) by failing to deliver to Ms. Perez two copies of a notice of the right to rescind which:

    a. Clearly and conspicuously disclosed the date of the transaction; and

    b. Clearly and conspicuously disclosed the date the rescission period expired.

21. Ms. Perez has a continuing right to rescind the transaction until the third business day after receiving both the notice of the right to cancel and all "material" disclosures pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3). An obligor may exercise this right to rescind up to three years after consummation of the transaction. Id.

22. On September 11, 2007, Ms. Perez rescinded the transaction by sending Defendant Countrywide a notice of rescission, by certified mail return receipt.

23. On October 23, 2007, Defendant Countrywide improperly rejected Ms. Perez's rescission, thus failing to take appropriate action to reflect termination of any security interest created under the transaction.

24. Defendant Countrywide has failed to return to Ms. Perez any money or property given by her to anyone, including Defendant, as required by 15 U.S.C. § 1635(b) and regulation Z § 226.23(d)(2).

25. As a result of these violations, Defendant Countrywide is liable to Ms. Perez for:

    a. Rescission of the transaction;

    b. Termination of the security interest in Ms. Perez's house;

    c. Return or any money or property given by Ms. Perez, to anyone, including Defendant Countrywide, in connection with the transaction;

    d. Statutory damages of $2,000 for defendant Countrywide's failure to respond properly to Ms. Perez rescission notice;

    e. Forfeiture of return of the loan proceeds; and

    f. Reasonable attorney fees and costs.

## PRAYER FOR RELIEF:

**WHEREFORE**, Plaintiff requests that the Court:

1. Declare Defendant Countrywide 's security interest in Ms. Perez's home void;

2. Rescind the Deed of Trust and any and all mortgage documents dated May 26, 2006 and any and all agreements or contracts that made up the transaction at issue;

3. Order the Defendant Countrywide to take all action necessary to terminate any security interest in Ms. Perez property created under the transaction;

4. Order restitution of all money and things received by Defendant Countrywide from Plaintiff;

5. Enjoin Defendant Countrywide during the pendency of the action, and permanently thereafter, form instituting, prosecuting or maintaining foreclosure proceedings on Ms. Perez's property, from recording any deeds or mortgages regarding

the property or taking any steps to deprive Ms. Perez of the ownership of that property;

6. Award Ms. Perez statutory damages for Defendant Countrywide's failure to respond properly to Ms. Perez's notice of rescission, in an amount of twice the finance charge in connection with the transaction, but not less than $200 or more than $2,000 as provided for under 15 U.S.C. § 1640(a);

7. Order that because Defendant Countrywide failed to respond to Ms. Perez's notice of rescission, that Ms. Perez has no duty to tender, or in the alternative, if tender if required, determine the amount of tender obligations in light of Ms. Perez's claims, and order Defendant Countrywide to accept tender in reasonable terms and over a reasonable period of time;

8. Award actual damages in an amount to be determined at trial;

9. Award costs of suit and reasonable attorneys' fees;

10. Grant such other relief as the Court deems proper.

Respectfully submitted,

Dated: December 17, 2007

FAIR HOUSING LAW PROJECT

_____
Kim Pederson
Attorneys for Plaintiff
SANDRA PEREZ

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby requests a trial by jury as to each and every claim for which they are so entitled.

Dated: December 17, 2007

FAIR HOUSING LAW PROJECT

*/s/ Kim Pederson*
Kim Pederson
Attorneys for Plaintiff
SANDRA PEREZ