```
BRYAN CAVE LLP
Gregory D. Trimarche (143686)
Aaron M. McKown (208781)
Chris Cruz (228802)
1900 Main Street, Suite 700
Irvine, California 92614
Telephone: (949) 223-7000
Facsimile:  (949) 223-7100

Attorneys for Defendant
COUNTRYWIDE HOME LOANS, INC.
erroneously sued as COUNTRYWIDE
HOME LOANS
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA PEREZ, an individual<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, a California Corporation,<br><br>Defendant. | Case No. C07 06402 RS<br><br>**COUNTRYWIDE HOME LOANS, INC.'S ANSWER TO SANDRA PEREZ'S COMPLAINT**<br><br>Complaint Filed: December 18, 2007<br>Trial Date: None |

Defendant Countrywide Home Loans, Inc. ("Countrywide") answers the Complaint of Plaintiff Sandra Perez ("Perez"), as follows:

## THE PARTIES

1. Answering Paragraph 1 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide denies each such allegation.

IR01DOCS359784

COUNTRYWIDE HOME LOANS, INC.'S
ANSWER TO SANDRA PEREZ'S COMPLAINT

2. Answering Paragraph 2 of the Complaint, Countrywide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and therefore denies each and every allegation contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal conclusions, no response is required.

3. Answering Paragraph 3 of the Complaint, Countrywide denies that Countrywide Home Loans, Inc. is the same entity as Countrywide Bank FSB. Countrywide further denies that its principal place of business is located in Westlake Village. Countrywide admits that it is a licensed lender in the State of California, that it loans money to persons for the purchase of residential property, that it charges interest on loans to borrowers, and that it permits borrowers to repay the loans in installments. Countrywide denies all remaining allegations set forth in Paragraph 3.

4. Answering Paragraph 4 of the Complaint, Countrywide denies each and every allegation contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal conclusions, no response is required.

## JURISDICTION

5. Answering Paragraph 5 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide denies each such allegation.

## VENUE

6. Answering Paragraph 6 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide denies each allegation.

## STATEMENT OF FACTS

7. Answering Paragraph 7 of the Complaint, Countrywide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and therefore denies each and every allegation contained in this Paragraph.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

8. Answering Paragraph 8 of the Complaint, Countrywide admits that it loaned Perez $351,000 on or about May 26, 2006. The remaining allegations in Paragraph 8 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide denies each such allegation.

9. Answering Paragraph 9 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide admits that it obtained a security interest in the property. Countrywide denies all remaining allegations in Paragraph 9.

10. Answering Paragraph 10 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide admits that the Truth In Lending Act, and the regulations promulgated thereunder, set forth the disclosure requirements.

11. Answering Paragraph 11 of the Complaint, Countrywide denies each allegation contained in this Paragraph.

12. Answering Paragraph 12 of the Complaint, Countrywide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and therefore denies each and every allegation contained in this Paragraph.

13. Answering Paragraph 13 of the Complaint, Countrywide admits that it received a letter from Plaintiff's counsel dated September 11, 2007, which demanded rescission of the subject loan. The remaining allegations in Paragraph 13 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide denies each such allegation.

14. Answering Paragraph 14 of the Complaint, Countrywide admits that it sent a letter to Plaintiff's counsel dated October 23, 2007, which rejected Plaintiff's demand rescission of the subject loan on the grounds that Plaintiff executed properly

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

IR01DOCS359784

3

COUNTRYWIDE HOME LOANS, INC.'S
ANSWER TO SANDRA PEREZ'S COMPLAINT

completed Notices of Right to Cancel (copies of which were included in the letter).

# FIRST CAUSE OF ACTION

### (Violations of the Federal Truth In Lending Act, 15 U.S.C. § 1635)

15. Answering Paragraph 15 of the Complaint, Countrywide realleges its responses to Paragraphs 1-14 above with the same force and effect as if fully set forth herein.

16. Answering Paragraph 16 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide denies each allegation.

17. Answering Paragraph 17 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide denies each allegation.

18. Answering Paragraph 18 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide denies each allegation.

19. Answering Paragraph 19 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide admits that it has a security interest in the subject property. Countrywide denies all remaining allegations in this Paragraph.

20. Answering Paragraph 20 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide denies each allegation.

21. Answering Paragraph 21 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide denies each allegation.

22. Answering Paragraph 22 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

extent a response is deemed necessary, Countrywide admits that Plaintiff's counsel sent a letter to Countrywide dated September 11, 2007, which demanded rescission of the subject loan. The remaining allegations in Paragraph 22 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide denies each such allegation.

23. Answering Paragraph 23 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide denies each allegation.

24. Answering Paragraph 24 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide denies each allegation.

25. Answering Paragraph 25 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide denies each allegation, including Perez's claim that she is entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

26. Countrywide specifically reserves the right to amend this Answer to allege further affirmative defenses if additional defenses become apparent throughout the course of litigation. Notwithstanding the foregoing and without waiving any right to assert additional defenses, Countrywide alleges the following affirmative defenses that it now knows to be applicable to Perez. As and for its separate and independent affirmative defenses in this action, and without conceding that it bears the burden of proof or persuasion as to any affirmative defense, Countrywide alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

27. The Complaint and each and every claim for relief alleged therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

1  / / / /

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

28.    The Complaint and each and every claim for relief alleged therein, is barred by all applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

(No Standing)

29.    Perez lacks standing to seek some or all of the relief sought in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

(No Injury in Fact)

30.    Perez's claims are barred on the ground and to the extent that Perez has suffered no injury in fact with respect to the facts alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

(Failure to Join Necessary Parties)

31.    Perez has failed to name necessary parties to secure the relief sought by the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

(Failure to Discharge Conditions Precedent)

32.    Perez is not entitled to bring and/or recover on this action in that she has failed to discharge each of the conditions precedent to suit, including, without limitation, her failure to exhaust available administrative remedies.

## EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

33.    The Complaint, and the claim stated therein, are each barred by the doctrine of unclean hands.

/ / / /

/ / / /

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

////

### NINTH AFFIRMATIVE DEFENSE

(Superseding and/or Intervening Cause)

34. To the extent that Perez alleges that her purported damages were somehow triggered by the acts or omissions of Countrywide, there existed a superseding and/or intervening cause for such damages for which Countrywide bears no obligation, responsibility, or liability.

### TENTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

35. Perez's alleged damages and the occurrences alleged in the Complaint were caused by the negligence and/or fault of other persons or entities, whether or not parties to this action, and Countrywide's alleged liability should be reduced accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

36. The Complaint, and each and every claim for relief alleged therein, is barred because Perez is estopped from seeking recovery from Countrywide because, among other things, Perez has acted in a manner inconsistent with having enforceable rights against Countrywide.

### TWELFTH AFFIRMATIVE DEFENSE

(Waiver)

37. The Complaint, and each and every claim for relief alleged therein, is barred because Perez has waived any right to recovery by taking actions that are inconsistent with the ownership and exercise of the rights claimed in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Laches)

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

IR01DOCS359784

7

COUNTRYWIDE HOME LOANS, INC.'S
ANSWER TO SANDRA PEREZ'S COMPLAINT

38.  The Complaint, and each and every claim for relief alleged therein, is barred by the equitable doctrine of laches because of the unreasonable and prejudicial delay by Perez in filing this action.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Good Faith)

39.  Countrywide and its agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known at the time that such actions were taken.  Accordingly, Perez is barred, in whole or in part, from any recovery in this action.

### FIFTEENTH AFFIRMATIVE DEFENSE
(No Damages)

40.  Countrywide is informed and believes and based thereon alleges that Perez has not suffered any damage as a result of any actions taken by Countrywide, and Perez is thereby barred from asserting any claim against Countrywide.

### SIXTEENTH AFFIRMATIVE DEFENSE
(No Right to Attorneys' Fees or Costs)

41.  Perez is not entitled to recovery of attorneys' fees or costs from Countrywide as alleged in the Complaint.  In the alternative, to the extent that Perez is entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent they were not reasonably incurred or were incurred at an excessive rate.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(No Irreparable Harm)

42.  Perez is not entitled to any injunctive, declaratory, or other equitable relief because she has not suffered any irreparable harm.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

43. Perez failed properly to mitigate her alleged damages and therefore is precluded from recovering those alleged damages.

### NINETEENTH AFFIRMATIVE DEFENSE
(Defenses Under Federal Rules of Civil Procedure)

44. Perez's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Perez's claims may be barred cannot be determined until Countrywide has an opportunity to complete discovery. Therefore, Countrywide incorporates all such affirmative defenses as though fully set forth herein.

### TWENTIETH AFFIRMATIVE DEFENSE
(Reservation of Defenses)

45. Countrywide alleges all other defenses that may potentially become available as a result of information developed through discovery or trial.

WHEREFORE, having fully answered Perez's Complaint, Countrywide prays for relief as follows:

1. That Perez take nothing by her Complaint;
2. That the Complaint be dismissed, in its entirety, with prejudice;
3. That judgment be entered in Countrywide's favor and against Perez;
4. That Countrywide be awarded its costs of suit; and
5. That Countrywide be awarded such other and further relief as the Court deems just and proper.

Dated: February 14, 2008

**BRYAN CAVE LLP**

By: _C C_
Chris Cruz
Attorneys for Defendant COUNTRYWIDE HOME LOANS, INC. erroneously sued as COUNTRYWIDE HOME LOANS

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

IR01DOCS359784