KIM PEDERSON (SBN 234785)
kimp@lawfoundation.org
JESSICA FRY (LEGAL SERVICES ATTORNEY 800918)
jessicaf@lawfoundation.org
FAIR HOUSING LAW PROJECT
111 West Saint John Street, #315
San Jose, CA 95113
Telephone:   (408) 280-2458
Facsimile:   (408) 293-0106

Attorneys for Plaintiff
SANDRA PEREZ

BRYAN CAVE LLP
Gregory D. Trimarche (California SBN 043686)
Aaron M. McKown (California SBN 208781)
1900 Main Street, Suite 700
Irvine, California 92614
Telephone:   (949) 223-7000
Facsimile:   (949) 223-7100
gregory.trimarche@bryancave.com
aaron.mckown@bryancave.com

BRYAN CAVE LLP
Stephanie A. Blazewicz (California SBN 240359)
2 Embarcadero Center, Suite 1410
San Francisco, California 94111
Telephone:   (415) 675-3400
Facsimile:   (415) 675-3434
stephanie.blazewicz@bryancave.com

Attorneys for Defendant and
Cross-Complainant
COUNTRYWIDE HOME LOANS, INC., erroneously sued as
COUNTRYWIDE HOME LOANS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA PEREZ,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTRYWIDE HOME LOANS, a California Corporation,<br><br>        Defendant. | Case No. C 07-06402 JW<br><br>Honorable James Ware<br>United States District Judge<br><br>**JOINT RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT**<br><br>RULE 26(F); CIVIL L.R. 16-9 |

| | |
|---|---|
| 1 | COUNTRYWIDE HOME LOANS, INC., a New York Corporation, |
| 2 | |
| 3 | Cross-Complainant, |
| 4 | v. |
| 5 | FIDELITY NATIONAL TITLE INSURANCE COMPANY, and ROES 1-10, |
| 6 | |
| 7 | Cross-Defendants. |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9 and this Court's Standing Order plaintiff Sandra Perez ("Ms. Perez") and defendant Countrywide Home Loans, Inc. ("Countrywide") hereby submit the following Joint Case Management Statement.

### JOINT CASE MANAGEMENT STATEMENT

**1. Jurisdiction And Service**

This Court has subject matter jurisdiction as Ms. Perez has asserted violations of the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* Consequently, this Court has supplemental jurisdiction over the related state law claims asserted by Ms. Perez pursuant to 28 U.S.C § 1367. This Court has personal jurisdiction over all of the parties as they are all located in California. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Ms. Perez has alleged that Countrywide committed each of the wrongful acts within this judicial district.

Ms. Perez and Countrywide agree that there is no dispute with respect to the propriety of service of process, personal jurisdiction, subject matter jurisdiction, or venue.

**2. Facts**

   **a. Ms. Perez's and Countrywide's Description of the Facts:**

Ms. Perez is a forty-seven year-old woman who resides in a single family residence at 278 Kenbrook Circle, in San Jose, California. On or about May 26, 2006, Ms. Perez obtained a refinance loan from Countrywide for $351,000. This was a consumer credit

1  transaction (hereinafter "the transaction"), in which the extended consumer credit was
2  subject to a finance charge and which was initially payable to Countrywide. As part of
3  the consumer credit transaction, Countrywide retained a security interest in Ms. Perez's
4  home.

5  Ms. Perez should have received a total of two (2) correctly filled out copies of the
6  Notice of Right to Cancel, each bearing the date of the transaction and the expiration date
7  of the right to cancel. Upon signing the loan documents at the closure of the transaction
8  on May 26, 2006, Ms. Perez alleges that she received only one defective copy of her
9  Notice of Right to Cancel the transaction. Ms. Perez alleges that the Notice of Right to
10 Cancel was unsigned and that the date of the transaction and the expiration date of the
11 right to cancel were left blank on the form.

12 Additionally, Ms. Perez alleges that the Notice of Right to Cancel found in the
13 Fidelity National Title Documents, while signed by Ms. Perez, was left blank as to the
14 date of the transaction and the date on which the right to cancel expired.

15 On September 11, 2007, Ms. Perez notified Countrywide that she was exercising
16 her right to rescind her mortgage loan on the basis that Countrywide allegedly failed to
17 provide her with proper notice of her right to cancel the loan. On October 23, 2007,
18 Countrywide rejected Ms. Perez's Notice of Rescission.

19 Countrywide denies that Ms. Perez did not receive two properly filled out Notices
20 of Right to Cancel. Further, Countrywide alleges that, if Ms. Perez did not receive two
21 properly filled out Notices of Right to Cancel, Countrywide is entitled to indemnity and
22 contribution from cross-defendant Fidelity National Title Insurance Company ("Fidelity")
23 on the basis that Fidelity audited the loan file and represented that Ms. Perez received the
24 necessary, properly executed Notices of Right to Cancel.

25          b.   **Principal Factual Issues Which The Parties Dispute**
26              • Whether Countrywide provided and Ms. Perez received two correctly
27                filled out copies of the Notice of Right to Cancel.
28

3. **Legal Issues**

   **Principal Legal Issues Which The Parties Dispute:**
   - Whether Ms. Perez had a right to rescind.
   - Whether Countrywide properly denied the rescission.
   - Whether, if Countrywide did not provide and Ms. Perez did not receive the Notices of Right to Cancel, Fidelity is at fault.

4. **Motions**

   No motions have been filed to date in this action. Ms. Perez and Countrywide do not anticipate any motions at this time.

5. **Amendment of Pleadings**

   Ms. Perez has not amended her Complaint. Ms. Perez requests that the deadline for the amending of pleadings be set one week following the close of expert discovery. Countrywide requests that the deadline for amending its defenses or counterclaims be set ten (10) days following the filing of an amended pleading by Ms. Perez.

6. **Evidence Preservation**

   Following the filing of her Complaint, Ms. Perez has taken reasonable steps to collect documents relevant to this action. Ms. Perez is an individual, does not own a computer, and has not stored documents in electronic form that would be relevant to this action. Countrywide has segregated its electronic and paper files related to this action. Ms. Perez and Countrywide have agreed to take reasonable steps to collect and preserve all documents relevant to this action.

7. **Disclosures**

   Ms. Perez and Countrywide have agreed to exchange their initial disclosures under Rule 26(a)(1) on **April 4, 2008**. Ms. Perez and Countrywide do not contemplate any deviation from the requirements set forth in the Federal Rules in their Rule 26(a) disclosures.

8. **Discovery To Date And Rule 26(f) Discovery Plan**

   Ms. Perez and Countrywide have not engaged in any discovery to date. Mediation

is to be scheduled within the presumptive deadline of 90 days. Ms. Perez and Countrywide agree to meet and confer within ten days following initial disclosures to create a Rule 26(f) discovery plan, particularly to determine limited discovery to be conducted before mediation.

**9.   Class Actions**

This case is not a class action.

**10.   Related Cases**

Countrywide has filed a cross-complaint against Fidelity for indemnity, contribution, and declaratory relief. This cross-complaint has been served but Fidelity has not yet appeared in this action. Countrywide and Fidelity have stipulated to an extension of time for Fidelity to respond to the cross-complaint. Fidelity's response is due April 11, 2008.

**11.   Relief**

Ms. Perez seeks declaratory relief and rescission through her complaint against Countrywide. Ms. Perez also seeks statutory damages of not less than $200 or more than $2,000 as provided for under 15 U.S.C. § 1640(a). Further, Ms. Perez seeks actual damages, reasonable attorney fees, costs, and an amount equal to all finance charges and fees paid by Ms. Perez as provided for under 15 U.S.C. § 1640(a).

Countrywide seeks indemnification, contribution, and declaratory relief through its cross-complaint against Fidelity.

**12.   Settlement And ADR**

Ms. Perez and Countrwide have engaged in ongoing, informal discussions regarding settlement. Ms. Perez and Countrywide will submit the ADR Certificate, and believe that it may be possible to resolve this case in early mediation. Further factual discovery is required prior to mediation.

Although Fidelity has not yet appeared in this action, counsel for Fidelity has represented that Fidelity is agreeable to mediation.

SF01DOCS\94.2                                                                 JOINT CASE MANAGEMENT STATEMENT

### 13. Consent to Magistrate Judge For All Purposes

Countrywide filed a Declination to Proceed Before a Magistrate Judge, and this case was reassigned to a district court judge.

### 14. Other References

This case is not suitable for arbitration, special master or multi-district litigation.

### 15. Narrowing of Issues

At the present time, Ms. Perez and Countrywide have not identified issues to be narrowed or ways to expedite trial.

### 16. Expedited Schedule

Ms. Perez and Countrywide do not believe that this case may be resolved on an expedited basis using streamlined procedures.

### 17. Scheduling

Ms. Perez and Countrywide propose the following pretrial schedule:

| | |
|---|---|
| Completion of fact discovery: | **September 12, 2008** |
| Disclosure of experts and reports: | **October 10, 2008** |
| Deadline for service of rebuttal expert reports: | **November 21, 2008** |
| Completion of expert discovery: | **December 5, 2008** |
| Dispositive motion hearing deadline: | **December 19, 2008** |
| Pretrial Conference | **January 16, 2008** |
| Start of Trial | **January 26, 2008** |

### 18. Trial

Ms. Perez requests a trial by jury. Ms. Perez and Countrywide anticipate that a trial will run 2-3 days.

### 19. Disclosure of Non-Party Interested Entities or Persons

Countrywide has filed its Certification of Interested Entities or Persons. Countrywide has identified the following person and entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially

affected by the outcome of this proceeding:

| | |
|---|---|
| Sandra Perez | Plaintiff |
| Countrywide Home Loans, Inc. | Defendant/Cross-Complainant |
| Countrywide Financial Corporation | Owns 100% of Defendant/Cross-Complainant Countrywide Home Loans, Inc. |
| Fidelity National Title Insurance Company | Cross-Defendant |

**20.   Other Matters**

Ms. Perez and Countrywide have not identified other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: April 3, 2008                FAIR HOUSING LAW PROJECT


By: _____
Jessica L. Fry
Attorneys for Plaintiff

DATED: April 3, 2008                BRYAN CAVE LLP


By: _____
Stephanie A. Blazewicz
Attorneys for Defendant
COUNTRYWIDE HOME LOANS,
INC., erroneously sued as
COUNTRYWIDE HOME LOANS

affected by the outcome of this proceeding:

| | |
|---|---|
| Sandra Perez | Plaintiff |
| Countrywide Home Loans, Inc. | Defendant/Cross-Complainant |
| Countrywide Financial Corporation | Owns 100% of Defendant/Cross-Complainant Countrywide Home Loans, Inc. |
| Fidelity National Title Insurance Company | Cross-Defendant |

**20. Other Matters**

Ms. Perez and Countrywide have not identified other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: April 3, 2008          FAIR HOUSING LAW PROJECT

By: _____
Jessica L. Fry
Attorneys for Plaintiff

DATED: April 3, 2008          BRYAN CAVE LLP

By: _____
Stephanie A. Blazewicz
Attorneys for Defendant
COUNTRYWIDE HOME LOANS,
INC., erroneously sued as
COUNTRYWIDE HOME LOANS