JEFFREY S. NELSON (SBN 149494)
KATHLEEN J. MOORHEAD (SBN 122811)
100 North Wiget Lane, Suite 150
Walnut Creek, CA 94598
Telephone: (925) 930-9550
Facsimile: (925) 930-9588
Email: jeffrey.nelson@fnf.com
Attorneys for Cross-Defendant,
FIDELITY NATIONAL TITLE COMPANY
(erroneously sued as FIDELITY NATIONAL
TITLE INSURANCE COMPANY)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SANDRA PEREZ,<br><br>      Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS., a California Corporation,<br><br>      Defendant.<br><br>COUNTRYWIDE HOME LOANS, INC., a New York Corporation,<br><br>      Cross-Complainant,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY, and ROES 1-10,<br><br>      Cross-Defendants. | CASE NO. C07 06402 JW<br><br>FIDELITY NATIONAL TITLE COMPANY'S ANSWER TO CROSS-COMPLAINT OF COUNTRYWIDE HOME LOANS, INC. |

Defendant Fidelity National Title Company ("Cross-defendant"), sued erroneously herein as Fidelity National Title Insurance Company, answers Countrywide Home Loans, Inc.'s cross- complaint as follows:

- 1  Fidelity Answer to CHL Cross-Complaint - C07 06402 JW

1.  1. On information and belief, Cross-defendant admits the allegations of paragraph 1.
2.  2. Cross-defendant avers that at all relevant times it was a California corporation, and admits that it is qualified to do business in California and doing business in California.
3.  3. Cross-defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3, and on that basis denies each and every allegation contained therein.
4.  4. Cross-defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4, and on that basis denies each and every allegation contained therein.
5.  5. On information and belief, Cross-defendant admits the allegations of paragraph 5.
6.  6. On information and belief, Cross-defendant admits the allegations of paragraph 6.
7.  7. Cross-defendant admits the allegations of paragraph 7.
8.  8. Cross-defendant denies the allegations of paragraph 8.
9.  9. In answer to paragraph 9 of the cross-complaint, Cross-defendant incorporates by reference its responses to the allegations incorporated into said paragraph, as if fully set forth herein.
10. 10. Cross-defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10, and on that basis denies each and every allegation contained therein.
11. 11. To the extent the allegations in paragraph 11 of the cross-complaint constitute legal conclusions, cross-defendant responds that such allegations are not a proper subject for admission or denial in an answer. To the extent that paragraph 11 contains factual allegations, cross-defendant is without sufficient knowledge or information to form a belief as to the truth of said allegations, and on that basis denies each and every allegation contained therein.

12. In answer to paragraph 12 of the cross-complaint, Cross-defendant incorporates by reference its responses to the allegations incorporated into said paragraph, as if fully set forth herein.

13. Cross-defendant denies the allegations of paragraph 13 as they relate to it, and is without sufficient knowledge or information to form a belief as to the truth of said allegations as they relate to others, and on that basis denies said allegations.

14. To the extent the allegations in paragraph 14 of the cross-complaint constitute legal conclusions, cross-defendant responds that such allegations are not a proper subject for admission or denial in an answer. To the extent that paragraph 14 contains factual allegations, cross-defendant denies said allegations as they relate to it, and is without sufficient knowledge or information to form a belief as to the truth of said allegations as they relate to others, and on that basis denies said allegations.

15. In answer to paragraph 15 of the cross-complaint, Cross-defendant incorporates by reference its responses to the allegations incorporated into said paragraph, as if fully set forth herein.

16. Cross-defendant denies the allegations of paragraph 16 as they relate to it, and is without sufficient knowledge or information to form a belief as to the truth of said allegations as they relate to others, and on that basis denies said allegations.

17. On information and belief, Cross-defendant admits the allegations of paragraph 17.

18. To the extent the allegations in paragraph 18 of the cross-complaint constitute legal conclusions, cross-defendant responds that such allegations are not a proper subject for admission or denial in an answer. To the extent that paragraph 18 contains factual allegations, cross-defendant denies said allegations as they relate to it, and is without sufficient knowledge or information to form a belief as to the truth of said allegations as they relate to others, and on that basis denies said allegations.

19. Cross-defendant admits the allegations of paragraph 19 as they relate to it, and is without sufficient knowledge or information to form a belief as to the truth of said

allegations as they relate to others, and on that basis denies said allegations.

20. On information and belief, Cross-defendant admits the allegations of paragraph 20.

21. On information and belief, Cross-defendant admits the allegations of paragraph 21.

22. On information and belief, Cross-defendant admits the allegations of paragraph 22.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Cross-complaint and each purported cause of action alleged therein fail to state facts sufficient to constitute a cause of action against this answering Cross-defendant.

### SECOND AFFIRMATIVE DEFENSE

The Cross-complaint and each purported cause of action therein is barred, in whole or in part, by the provisions of the California Code of Civil Procedure beginning with section 335 and continuing through section 349.4, including, but not limited to, sections 335.1, 337, 337, 338, 339, and 340.

### THIRD AFFIRMATIVE DEFENSE

Cross-defendant is informed and believes that Cross-complainant's purported damages, if any, as alleged in the Cross-complaint and in each purported cause of action therein, were proximately caused, in whole or in part, by Cross-complainant's own negligence, carelessness or other fault. Because of Cross-complainant's negligent conduct, they are not entitled to any recovery. Alternatively, Cross-complainant's fault should be compared with that of Cross-defendant, if any, and any recovery from Cross-defendant should be reduced in proportion to the fault attributable to Cross-complainant.

### FOURTH AFFIRMATIVE DEFENSE

Cross-defendant is informed and believes and thereon alleges that Cross-complainant engaged in misconduct and in behavior offensive to equitable principles with respect to the subject matter of Cross-complainant's claims, and that Cross-complainant's Cross-complaint

1  and each and every cause of action therein are therefore barred by the doctrine of unclean
2  hands.

### FIFTH AFFIRMATIVE DEFENSE

4  Cross-defendant is informed and believes that by the exercise of reasonable effort,
5  Cross-complainant could have mitigated the amount of damages, if any, it suffered, but cross-
6  complainant has failed and refused, and continues to fail and refuse, to exercise reasonable
7  effort to mitigate said damages, if any there were.

### SIXTH AFFIRMATIVE DEFENSE

9  Cross-defendant is informed and believes and thereon alleges that each and every
10 cause of action of the Cross-complaint is barred by virtue of the knowing and voluntary
11 waiver by cross-complainant of the rights alleged by it in its Cross-complaint.

### SEVENTH AFFIRMATIVE DEFENSE

13 Cross-defendant is informed and believes and thereon alleges that cross-
14 complainant's claims are barred by laches in that Cross-complainant has unreasonably
15 delayed in asserting them.

### EIGHTH AFFIRMATIVE DEFENSE

17 Cross-defendant is informed and believes and thereon alleges that each and every
18 cause of action of the Cross-complaint is barred in that cross-complainant, through its
19 conduct, acts, and deeds, caused this answering Cross-defendant to change position and to act
20 to its detriment and prejudice, and cross-complainant is thereby estopped from asserting the
21 claims raised in its Cross-complaint.

### NINTH AFFIRMATIVE DEFENSE

23 Cross-complainant is barred, in whole or in part, from obtaining the relief it seeks in
24 the Cross-complaint because it would be unjustly enriched if such relief were awarded.

### TENTH AFFIRMATIVE DEFENSE

26 Without conceding that cross-complainant has been damaged or injured, Cross-
27 defendant is entitled to offset and recoup against any recovery had against it or any judgment
28 that may be entered against it and in favor of cross-complainant, all obligations owed by

cross-complainant to Cross-defendant and all amounts paid or invested by Cross-defendant that have inured to the benefit of cross-complainant.

1. That cross-complainant take nothing by its Cross-complaint and that the same be dismissed with prejudice as against this answering Cross-defendant;

2. That Cross-defendant be awarded its costs of suit; and

3. For such other and further relief as the Court may deem just and proper.

Dated: April //, 2008

Jeffrey S. Nelson
Attorney for Cross-Defendant
FIDELITY NATIONAL TITLE COMPANY, erroneously sued as FIDELITY NATIONAL TITLE INSURANCE COMPANY

- 6 Fidelity Answer to CHL Cross-Complaint - C07 06402 JW

# PROOF OF SERVICE

I am employed in the County of Contra Costa, State of California. I am over the age of 18 years and not a party to the within action. My business address is 100 North Wiget Lane, Suite 150, Walnut Creek, California 94598.

On the date entered below, I served the within:

1. **FIDELITY NATIONAL TITLE COMPANY'S ANSWER TO CROSS-COMPLAINT OF COUNTRYWIDE HOME LOANS, INC.**

on the parties in said action by placing a true copy thereof as indicated below, addressed as follows:

| | |
|---|---|
| Kimberly Pederson<br>Law Foundation of Silicon Valley<br>111 West St. John Street, Suite 315<br>San Jose, CA 95113<br>(408) 293-4790<br>Facsimile (408) 293-0106<br>Email: kimp@lawfoundation.org<br>Attorney for Plaintiff Sandra Perez | Jessica Lynn Fry<br>Fair Housing Law Project<br>111 West St. John Street, Suite 315<br>San Jose, CA 95113<br>(408) 280-2458<br>Facsimile (408) 293-0106<br>Email: jessicaf@lawfoundation.org<br>Attorney to be Noticed |

(✓) BY MAIL: I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail, which envelope(s) was then sealed and placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at Walnut Creek, California, on the referenced date in the ordinary course of business; and there is delivery service by United States mail at the place so addressed in the City of Walnut Creek, County of Contra Costa, State of California.

( ) BY PERSONAL SERVICE: I caused such envelope to be delivered by hand on the office(s) of the addressee(s).

( ) BY OVERNIGHT MAIL: I caused such envelope to be delivered by Golden State Overnight to the office(s) of the addressee(s).

( ) BY FACSIMILE: I caused a copy of such document to be sent via facsimile transmission to the office(s) of the parties above stated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: April 11, 2008

_____
TAMI WILSON