**BRYAN CAVE LLP**
Gregory D. Trimarche (043686)
Aaron M. McKown (208781)
1900 Main Street, Suite 700
Irvine, California 92614
Telephone:  (949) 223-7000
Facsimile:  (949) 223-7100
Email: gregory.trimarche@bryancave.com
       aaron.mckown@bryancave.com

**BRYAN CAVE LLP**
Stephanie A. Blazewicz (240359)
2 Embarcadero Center, Suite 1410
San Francisco, California 94111
Telephone:  (415) 675-3400
Facsimile:  (415) 675-3434
Email: stephanie.blazewicz@bryancave.com

Attorneys for Defendant and
Cross-Complainant
COUNTRYWIDE HOME LOANS, INC.,
erroneously sued as COUNTRYWIDE HOME
LOANS

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA PEREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, a California Corporation,<br><br>Defendant.<br>COUNTRYWIDE HOME LOANS, INC., a New York Corporation,<br><br>Cross-Complainant,<br><br>v.<br><br>FIDELITY NATIONAL TITLE COMPANY, TONY BAYARD DE VOLO DBA LAWRENCE CAPITAL, INC., and ROES 1-10,<br><br>Cross-Defendants. | Case No. C07 06402 JW<br><br>**CROSS-COMPLAINT FOR:**<br>**(1) INDEMNITY;**<br>**(2) CONTRIBUTION; AND**<br>**(3) DECLARATORY RELIEF**<br><br>Date Action Filed: December 18, 2007<br>Trial Date: None |

IR/368750.1

AMENDED CROSS-COMPLAINT

Defendant and Cross-Complainant, Countrywide Home Loans, Inc. ("Countrywide"), alleges:

## PRELIMINARY ALLEGATIONS

1. Countrywide is, and all times material hereto was, a New York corporation, qualified to do business in California, with its headquarters located in Calabasas, California.

2. Countrywide is informed and believes, and on that basis alleges, that cross-defendant Fidelity National Title Company ("Fidelity") is, and at all times material hereto was, a Florida corporation, qualified to do business in California, and doing business in California.

3. Countrywide is informed and believes, and on that basis alleges, that cross-defendant Tony Bayard De Volo dba Lawrence Capital, Inc., at all times material hereto was a licensed real estate broker qualified to do business in California, and was doing business in California.

4. Countrywide is informed and believes, and on that basis alleges, that Tony Bayard De Volo is, and at all times material hereto was, a licensed real estate broker qualified to do business in California, and doing business in California.

5. Countrywide is informed and believes, and on that basis alleges, that Lawrence Capital, Inc., was the alter ego of Tony Bayard De Volo.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of Cross-Defendants Roes 1 to 10, inclusive, are unknown to Countrywide at this time, and therefore Countrywide sues said Cross-Defendants by such fictitious names, and when the true names of said Cross-Defendants are ascertained, Countrywide will move this Court for leave to amend this cross-complaint accordingly. Countrywide is informed and believes, and on that basis alleges, that all Cross-Defendants sued herein as Roes, and each of them, acted in concert, participated in and aided and abetted in the acts alleged herein, or are in some manner responsible for the acts alleged herein.

7. Countrywide is informed and believes, and on that basis alleges, that all relevant times herein, the cross-defendants, and each of them, were acting on behalf of and as the agent and/or representative of each other and with the consent, knowledge and permission of each of the

remaining cross-defendants, and were acting within the scope and purpose of said agency, authority and/or representation.

8. Sandra Perez filed a complaint, entitled <u>Sandra Perez v. Countrywide Home Loans</u>, Case No. C07 06402 RS (the "Complaint"), in the United States District Court for the Northern District of California, San Jose Division, against Countrywide Home Loans for rescission under the Truth in Lending Act, 15 U.S.C. § 1601, to void Countrywide's security interest in Ms. Perez's home, and to recover statutory damages, reasonable attorneys' fees, and costs.

9. Countrywide answered the Complaint, denying each and every substantive allegation of the Complaint.

10. The Complaint alleges that, as part of the transaction between Ms. Perez and Countrywide, Ms. Perez should have received a total of two (2) correctly filled out copies of the Notice of Right to Cancel ("NORTC"), each bearing the date of the transaction and the expiration date of the right to cancel.

11. Countrywide is informed and believes, and on that basis alleges, that Ms. Perez signed the documents related to the transaction, including the NORTC, at the offices of Lawrence Capital, Inc. and that Tony De Volo dba Lawrence Capital, Inc. was responsible, at least in part, for ensuring that all of the disclosures were properly completed, including the NORTCs.

12. Countrywide is informed and believes, and on that basis alleges, that Ms. Perez contends that Tony De Volo dba Lawrence Capital, Inc., failed to ensure that there were two (2) properly executed NORTCs in the file and sent to Ms. Perez. Countrywide is further informed and believes that Ms. Perez alleges that she was provided only one properly completed NORTC.

13. Fidelity, as the escrow agent for the transaction, audited the file, including all mandated disclosures, and represented to Countrywide that all of the necessary properly executed NORTCs were in the file and sent to Ms. Perez. Fidelity failed to ensure that there were two (2) properly executed NORTCs in the file and sent to Ms. Perez.

///

///

///

## FIRST CAUSE OF ACTION

### [For Implied Indemnity Against All Cross-Defendants]

14. Countrywide repeats and realleges Paragraphs 1 through 13, inclusive, herein.

15. The Complaint alleges, among other things, conduct entitling Ms. Perez to compensatory damages against Countrywide. Countrywide contends that it is not liable for the events and occurrences described in the Complaint.

16. If Countrywide is found in some manner responsible to Ms. Perez or anyone else as a result of the events and occurrences described in the Complaint, thereby damaging Countrywide, Countrywide's liability would be based solely upon a derivative form of liability not resulting from its conduct, but only from an obligation imposed upon by law. Therefore, Countrywide would be entitled to indemnity from all cross-defendants because their acts and omissions proximately caused the damages claimed by Countrywide.

## SECOND CAUSE OF ACTION

### [For Contribution Against All Cross-Defendants]

17. Countrywide repeats and realleges Paragraphs 1 through 16, inclusive, herein.

18. Countrywide is informed and believes, and on that basis alleges, that all cross-defendants are responsible, in whole or in part, for damages claimed by Ms. Perez.

19. If Countrywide is judged liable to Ms. Perez, all cross-defendants should be required: (a) to pay a share of Countrywide's judgment which is in proportion to that cross-defendant's responsibility in causing Countrywide's damages, and (b) to reimburse Countrywide for any payments it makes to Ms. Perez in excess of its proportional share.

## THIRD CAUSE OF ACTION

### [For Declaratory Relief Against All Cross-Defendants]

20. Countrywide repeats and realleges Paragraphs 1 through 19, inclusive, herein.

21. If Ms. Perez sustained damages as alleged in the Cross-Complaint, such damages were caused entirely or partly by all cross-defendants.

22. An actual controversy has arisen and now exists between the parties concerning their respective rights and duties.

23. Countrywide contends that: (a) responsibility, if any, for the damages claimed by Ms. Perez in the Cross-Complaint rests entirely or partially on all cross-defendants; and (b) that as a result, all cross-defendants are obligated to partially indemnify or fully indemnify Countrywide for sums which it may be compelled to pay as a result of any damages, judgment or other awards recovered by Ms. Perez against Countrywide.

24. Countrywide is informed and believes, and on that basis alleges, that cross-defendants contend that: (a) they are not entirely or partially responsible for the damages claimed by Ms. Perez in the Cross-Complaint; and (b) they are not obligated to partially or fully indemnify Countrywide for sums which Countrywide may be compelled to pay as a result of any damages, judgment or other awards recovered by Ms. Perez against Countrywide.

25. Countrywide desires a judicial determination of the respective rights and duties of Countrywide and all cross-defendants with respect to damages claimed by Ms. Perez in the Cross-Complaint. In particular, Countrywide desires a declaration of all cross-defendants' responsibility to indemnify Countrywide for the sums which it may be compelled to pay and for which all cross-defendants had been determined responsible.

26. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Countrywide may ascertain its rights and duties.

27. Furthermore, Ms. Perez's and Countrywide's claims arise out of the same transaction. Determination of all claims in one proceeding is necessary and appropriate to avoid the multiplicity of action that would result if Countrywide is required to defend against Ms. Perez's claim and then bring a separate action against cross-defendants for indemnification of sums which Countrywide may be compelled to pay as a result of any damages, judgment or other awards recovered by Ms. Perez against Countrywide.

## PRAYER

WHEREFORE, Countrywide prays for relief as follows:

**On the First Cause of Action**

1. For full indemnity from each cross-defendant.

///

**On the Second Cause of Action**

2.  For contribution in a proportionate share from each cross-defendant.

**On the Third Cause of Action**

3.  For a judicial determination that cross-defendants are obligated to indemnify and hold Countrywide harmless for any and all damages, judgment or other awards which may be recovered by Ms. Perez against Countrywide.

**On All Causes of Action**

4.  For cost of suit herein incurred; and

5.  For such other and further relief as the Court may deem just and proper.

Dated: June 30, 2008

BRYAN CAVE LLP

By: _____
Stephanie A. Blazewicz
Attorneys for Defendant and Cross-Complainant
COUNTRYWIDE HOME LOANS, INC.,
erroneously sued as COUNTRYWIDE HOME LOANS