Tony Bayard de Volo, Esq.
1053 Park Avenue
San Jose, California 95126
*In Pro Per.*

FILED

2008 AUG -6 P 2: 10

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA PEREZ, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTRYWIDE HOME LOANS, INC. a California corporation <br><br> Defendant. | Case No.: C07 06402 JW <br><br> **ANSWER OF TONY BAYARD DE VOLO** |
| COUNTRYWIDE HOME LOANS, INC. a California corporation <br><br> Cross-Complainant <br><br> FIDELITY NATIONAL TITLE COMPANY, TONY BAYARD DE VOLO incorrectly referred to as DBA LAWRENCE CAPITAL, INC. and ROES 1-10 <br><br> Cross-Defendants. | |

TONY ABYARD DE VOLO, defendant, answers the cross-complaint of Countrywide Home Loans, Inc., a California corporation, Cross-Defendant and cross-complainant plaintiff, in this action as follows:

RESPONSE TO PRELIMINARY ALLEGATIONS

ANSWER - 1

1. In answer to paragraph ONE, Cross-Defendant has insufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information, Cross-Defendant denies the allegation.
2. In answer to paragraph TWO, Cross-Defendant has insufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information, Cross-Defendant denies the allegation.
3. In answer to Paragraph THREE, Cross-Defendant denies the allegation.
4. In answer to Paragraph FOUR, Cross-Defendant admits the allegation.
5. In answer to Paragraph FIVE, Cross-Defendant denies the allegation.
6. In answer to paragraph SIX, Cross-Defendant has insufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information, Cross-Defendant denies the allegation.
7. In answer to Paragraph SEVEN, Cross-Defendant denies the allegation.
8. In answer to paragraph EIGHT, Cross-Defendant has insufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information, Cross-Defendant denies the allegation.
9. In answer to paragraph NINE, Cross-Defendant has insufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information, Cross-Defendant denies the allegation.
10. In answer to paragraph TEN, Cross-Defendant has insufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information, Cross-Defendant denies the allegation.
11. In answer to Paragraph ELEVEN Cross-Defendant denies the allegation.
12. In answer to paragraph TWELVE, Cross-Defendant has insufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information, Cross-Defendant denies the allegation.
13. In answer to paragraph THIRTEEN, Cross-Defendant has insufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information, Cross-Defendant denies the allegation.

## RESPONSE TO FIRST CAUSE OF ACTION

14. In answer to Paragraph FOURTEEN – FIFTEEN, Cross-Defendant is without sufficient information or belief to admit or deny the allegations in these paragraphs. Based on this lack of information, Cross-Defendant denies the allegations. In answer to Paragraph SIXTEEN, Cross-Defendant denies the allegations.

## RESPONSE TO SECOND CAUSE OF ACTION

15. In answer to Paragraph SEVENTEEN Cross-Defendant is without sufficient information or belief to admit or deny the allegations in these paragraphs. Based on this lack of information, Cross-Defendant denies the allegations in this paragraph. In answer to Paragraphs EIGHTEEN through NINETEEN, Cross-Defendant denies the allegations.

## RESPONSE TO THIRD CAUSE OF ACTION

16. In answer to Paragraphs TWENTY, Cross-Defendant is without sufficient information or belief to admit or deny the allegations in these paragraphs. Based on this lack of information, Cross-Defendant denies the allegations. In answer to Paragraphs TWENTY ONE through TWENTY SEVEN, Cross-Defendant denies the allegations.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

As a first, separate and distinct defense, this answering Cross-Defendant alleges that the complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against him.

### Second Affirmative Defense

As a second, separate and distinct defense, the answering Cross-Defendant alleges that the Cross-Complainant has waived any and all claims that it may have, or may have had, against this answering defendant, through its own conduct, acts and deeds.

### Third Affirmative Defense

As a third, separate and distinct defense, this answering Cross-Defendant alleges that the Cross-Complainant failed to mitigate the alleged damages, if any there be, which it claims to have sustained and recovery should be barred or diminished accordingly.

### Fourth Affirmative Defense

As a fourth, separate and distinct defense, this answering Cross-Defendant alleges that the Cross-Complainant has not incurred any damages as a result of this defendant's act or failure to act about the matters and things alleged in this complaint

### Fifth Affirmative Defense

As a fifth, separate and distinct defense, this answering Cross-Defendant alleges that the Cross-Complainant, at all times and places mentioned in this complaint, Cross-Complainant was careless, reckless, and negligent in and about all matters and things alleged in this complaint which such carelessness, recklessness and negligence concurred in point of time with the alleged negligence of defendant, if any there may have been, and proximately caused and contributed to whatever injury and/or damages Cross-Complainant may have sustained, if any, and recovery by Cross-Complainant, if any, should be proportionately reduced according to the percentage of fault of the Cross-Complainant.

### Sixth Affirmative Defense

As a further, separate and distinct defense, this answering Cross-Defendant alleges that was and at all times alleged in the complaint was a bona fide, duly incorporated corporation and

not the alter ego of Tony Bayard de Volo, and that Cross-Complainant is estopped from relying on the equitable alter ego doctrine because Cross-Complainant at all times knew and agreed that Lawrence Capital Inc., with offices located at 97 S. 2nd Street, Suite 100, San Jose, California 95113, was an entity separate from Cross-Defendant Tony Bayard de Volo, that Cross-Defendant Tony Bayard de Volo was not a party to any contract with Cross-Complainant and that Cross-Defendant Tony Bayard de Volo had no personal liability to Cross-Complainant.

### Seventh Affirmative Defense

As a further, separate and distinct defense, this answering Cross-Defendant alleges that in addition to the aforementioned negligence of the Cross-Complainant, any damages incurred by Cross-Complainant were directly and proximately caused and contributed to by the negligence of Cross-Complainant's agent, if any, and said negligence thereby being imputed to Cross-Complainant, thereby barring recovery and/or requiring apportionment of whatever loss/ and/or damage Cross-Complainant may have sustained, if any.

### Eighth Affirmative Defense

As a further, separate and distinct defense, this answering Cross-Defendant alleges that Cross-Complainant did, with full knowledge of the consequences of their acts and with full knowledge of the risks incident thereto, voluntarily expose themselves to all matters alleged in this complaint, and thereby assumed the risk generally incident thereto.

### Ninth Affirmative Defense

As a further, separate and distinct defense, this answering Cross-Defendant alleges that at the time, place and manner mentioned in this complaint, Cross-Complainant did commit willful misconduct in and about the matters and things alleged in the complaint, which said willful misconduct occurred in point of time with the willful misconduct of the defendant, if any there may have been, and proximately caused and contributed to whatever injury and/or damage Cross-Complainant may have sustained.

### Tenth Affirmative Defense

As a further, separate and distinct defense, this answering Cross-Defendant alleges that the Cross-Complainant is guilty of unclean hands with respect to the claims alleged in its complaint, and therefore is not entitled to invoke the equity jurisdiction of this court.

### Eleventh Affirmative Defense

As a further, separate and distinct defense, this answering Cross-Defendant alleges that the Cross-Complainant's action is barred by laches, in that Cross-Complainant unreasonably delayed commencement of this action; through conduct and comments the Cross-Complainant induced this answering Cross-Defendant to believe that the Cross-Complainant had abandoned its claims, if any there be.

### Twelfth Affirmative Defense

As a further, separate and distinct defense, this answering Cross-Defendant alleges that he is informed and believes and based thereon alleges that Cross-Complainant is before this court in bad faith and for an improper purpose; specifically, Cross-Complainant filed this action after an unreasonable, lengthy and prejudicial lapse of time knowing at the time of commencing this action that Cross-Complainant had affirmatively and expressly waived and abandoned all rights, title, and interest in the matte which is the subject of this adversary complaint, if any there be.

### Thirteenth Affirmative Defense

As a further, separate and distinct defense, this answering Cross-Defendant alleges that the Cross-Complainant, because of its wrongful conduct, has waived its rights, if any, under this complaint.

### Fourteenth Affirmative Defense

As a further, separate and distinct defense, this answering Cross-Defendant all that this Court does not have jurisdiction over this action for declaratory relief and judgment of damages.

### Fifteenth Affirmative Defense

As a further, separate and distinct defense, this answering Cross-Defendant alleges that Cross-Complainant has adequate remedies at law which have not been followed before seeking relief.

Sixteenth Affirmative Defense

As a further, separate and distinct defense, this answering Cross-Defendant alleges that Cross-Complainant has not demonstrated that irreparable harm is likely to occur and is precluded from seeking relief.

Seventeenth Affirmative Defense

As a further, separate and distinct defense, this answering Cross-Defendant alleges that at no time was Cross-Defendant an agent of Cross-Complainant and therefore owed no duty to Cross-Complainant whatsoever.

Eighteenth Affirmative Defense

As a further, separate and distinct defense, this answering Cross-Defendant alleges that at even if there was a duty owed to Cross-Defendant as an agent of Cross-Complainant the matters referred to in the cross-complaint were beyond the scope of Cross-Defendant's duty, if any.

Nineteenth Affirmative Defense

As a further, separate and distinct defense, this answering Cross-Defendant alleges that he has been improperly joined in this action in that this answering Cross-Defendant was not a party to nor involved in any agreements or contracts with Cross-Complainant at all relevant times alleged in the Cross-Complaint.

Twentieth Affirmative Defense

As a further, separate and distinct defense, this answering Cross-Defendant alleges that Cross-Complainant approved and/or Cross-Defendant's conduct, and are therefore estopped from claiming any damages, if any there be.

Twenty-First Affirmative Defense

As a further, separate and distinct defense, this answering Cross-Defendant alleged that if it is determined that Cross-Defendant did not perform one or more obligations under any contract

or agreement, Cross-Defendant alleges that Cross-Complainants did not perform its obligations under each contract or agreement described herein, which obligations were a condition precedent to any performance by this Cross-Defendant in each instance.

### Twenty-Second Affirmative Defense

As a further, separate and distinct defense, this answering Cross-Defendant alleged, this answering Cross-Defendant alleges that any loss or damage suffered by Cross-complainants was caused in whole by Cross-Complainants' own conduct, acts or omissions.

### PRAYER FOR RELIEF

WHEREFORE, the Cross-Defendant prays for judgment against plaintiff as follows:

1. That Cross-Complainant take nothing by its complaint;

2. That the answering Cross-Defendant be awarded costs and expenses incurred herein pursuant to contract; and

3. That the answering Cross-Defendant be awarded such other and further relief as the Court may deem just and proper.

Dated:

_____
Tony Bayard de Volo